IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RURAL MUTUAL INSURANCE COMPANY,

                                  ORDER

              Plaintiff,

v.                                                        14-cv-431-slc

LESTER BUILDINGS, LLC, and
THE TRAVELERS CASUALTY COMPANY,

             Defendant.
_____

       Defendants Lester Buildings, LLC and The Travelers Casualty Company have filed a notice of removal in this civil diversity action for breach of contract and negligence. Dkt. 1. Because defendants' allegations regarding the citizenship of Lester Buildings, LLC are inadequate, the court is not able to conclude whether complete diversity of citizenship exists in this case.

       The first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

       The notice of removal alleges that Lester Buildings is a company incorporated in and having its principal place of business in Minnesota. However, Lester Buildings is a limited liability company, and the citizenship of a LLC is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Because defendants filed for removal, they have the burden to prove complete diversity of citizenship. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005) ("Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court

or the adverse party to negate jurisdiction."); Combs v. Crab Addison, Inc., 2013 WL 3177744, *1-2 (S.D. Ind. 2013).

Therefore, IT IS ORDERED that defendants have until July 3, 2014 to submit verification of the citizenship of each of the members of Lester Buildings (an affidavit would do).  In complying with this order, defendants should keep in mind that for the purpose of diversity jurisdiction, the citizenship and not the residency of a party is what matters for diversity jurisdiction purposes.  *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008); *Meyerson v. Harrah's East Chicago Casino*, 299 F .3d 616, 617 (7th Cir. 2002).  An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom."  Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).  Corporations are citizens of the states in which they are incorporated and have their principal place of business.  28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F. 2d 1220, 1223 (7th Cir. 1991)).

Entered this 19th day of June, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge